IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN K. SMITH,

    Plaintiff,

v.                                                                                               Civil Action No. 3:10CV172

V. THOMAS, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d

2

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff is suing officers at the Virginia Beach Correctional Center.[1] Plaintiff complains that on February 26, 2009, he was asked to step out of his cell. At that time, he "was taken into a stair well and strip searched." (Compl. 4.) Prison staff then took Plaintiff to another cell block "in handcuffs and leg restraints with out any explaintation [sic] to why this had occurred." (Compl. 4.) The following day, prison staff handcuffed and shackled Plaintiff and again moved him to another cell block. In his complaint, Plaintiff states, "[T]his is where I am now and have been for months." (Compl. 4 (spacing corrected).) Plaintiff complains that he "was paraded all around the jail in handcuffs and leg restraints, moved from cell block to cell block." (Compl. 4.)

Plaintiff further asserts that he was, at some point, "reclassified to Administrative Segregation." (Compl. 4.) While there, Plaintiff "was deprived of a blanket, sheets, towel, wash cloth, and toilet paper for twelve (12) hours despite numerous verbal requests." (Compl. 4.) Plaintiff notes that he "was locked down for twenty three (23) hours, and let for twenty five (25) minutes to shower." (Compl. 4.) Plaintiff maintains,

> The condition[s] in Administrative Segregation are more 'severe' and are not similar to any of the other cell blocks that the Plaintiff has been over the past sixteen (16)

---

[1] Although Plaintiff submitted multiple complaints naming multiple Defendants, the bodies of the complaints are essentially the same.

months at Virginia Beach Correctional Center. Meals are condensed into a styrofoam container and served cold, and the different food items are all thrown in together and include soggy bread, wet sugar packets in syrup or butter, hard cold pancakes and cold, solid grits, plus the Plaintiff received oatmeal every morning, and they knew that he was allergic to it.

(Compl. 4.) Plaintiff requests an award of ten million dollars. (Compl. 5.)

## Analysis

It is unclear on what constitutional basis Plaintiff undergirds his complaint. Thus, the Court will discuss Plaintiff's complaint with regard to the Due Process Clause[2] and the prohibition against cruel and unusual punishment.[3]

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff was moved to various cells while handcuffed and shackled. During these moves, Plaintiff was strip-searched. Finally, Plaintiff was placed in

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

segregation. Plaintiff fails to present any allegations that plausibly suggest that this treatment posed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.*; *see Beverati*, 120 F.3d at 504; *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006). Thus, Plaintiff cannot obtain relief on a due process ground.

To prevail on a claim that the conditions of his confinement violate the Eighth Amendment, an inmate must establish a serious deprivation of a basic human need and that prison officials were deliberately indifferent to the need. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

To the extent that Plaintiff contends that his conditions of confinement violated the Eighth Amendment, he must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme

5

deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Plaintiff's list of uncomfortable conditions suffered while in segregation do not rise to a level of cruel and unusual punishment. Plaintiff fails to show how any of the conditions, alone or in combination, amount to a serious deprivation of a basic human need. *See Lamp*, 2005 WL 5303512, at *6. Furthermore, Plaintiff does not indicate that the strip searches were unreasonable.[4] *See Johnson v. White*, No. 3:03cv919, 2004 WL 3222733, at *2 (E.D. Va. Aug. 19, 2004) (explaining that a "discrete and expeditious" strip search does not violate the Eighth Amendment) (*citing Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004)); *Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009) (requiring a plaintiff "to show that the searches were conducted in a harassing manner intended to humiliate and cause psychological pain").

Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, and has not alleged treatment amounting to cruel and unusual punishment, it is RECOMMENDED that the action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate

---

[4] Because Plaintiff fails to invoke the Fourth Amendment, the Court declines to analyze whether the complaint states a claim for an unreasonable search. *See Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998) (concluding that prisoner strip-search claims are better addressed under the Eighth Amendment than the Fourth Amendment).

Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 4-27-11
Richmond, Virginia