IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN K. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:10CV172–HEH |
| | ) |
| V. THOMAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing § 1983 Action)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-

pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Plaintiff is suing officers at the Virginia Beach Correctional Center.[1] Plaintiff complains that on February 26, 2009, he was asked to step out of his cell. At that time, he "was taken into a stair well and strip searched." (Compl.

---

[1] Although Plaintiff submitted multiple complaints naming multiple Defendants, the bodies of the complaints are essentially the same.

4.) Prison staff then took Plaintiff to another cell block "in handcuffs and leg restraints with out any explaination [sic] to why this had occurred." (Compl. 4.) The following day, prison staff handcuffed and shackled Plaintiff and again moved him to another cell block. In his complaint, Plaintiff states, "[T]his is where I am now and have been for months." (Compl. 4 (spacing corrected).) Plaintiff complains that he "was paraded all around the jail in handcuffs and leg restraints, moved from cell block to cell block." (Compl. 4.)

Plaintiff further asserts that he was, at some point, "reclassified to Administrative Segregation." (Compl. 4.) While there, Plaintiff "was deprived of a blanket, sheets, towel, wash cloth, and toilet paper for twelve (12) hours despite numerous verbal requests." (Compl. 4.) Plaintiff notes that he "was locked down for twenty three (23) hours, and let for twenty five (25) minutes to shower." (Compl. 4.) Plaintiff maintains,

> The condition[s] in Administrative Segregation are more 'severe' and are not similar to any of the other cell blocks that the Plaintiff has been over the past sixteen (16) months at Virginia Beach Correctional Center. Meals are condensed into a styrofoam container and served cold, and the different food items are all thrown in together and include soggy bread, wet sugar packets in syrup or butter, hard cold pancakes and cold, solid grits, plus the Plaintiff received oatmeal every morning, and they knew that he was allergic to it.

(Compl. 4.) Plaintiff requests an award of ten million dollars. (Compl. 5.)

## Analysis

It is unclear on what constitutional basis Plaintiff undergirds his complaint. Thus, the Court will discuss Plaintiff's complaint with regard to the Due Process Clause[2] and the prohibition against cruel and unusual punishment.[3]

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff was moved to various cells while handcuffed and shackled. During these moves, Plaintiff was strip-searched. Finally, Plaintiff was placed in segregation. Plaintiff fails to present any allegations that plausibly suggest that this treatment posed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.*; *see Beverati*, 120 F.3d at 504; *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006). Thus, Plaintiff cannot obtain relief on a due process ground.

To prevail on a claim that the conditions of his confinement violate the Eighth Amendment, an inmate must establish a serious deprivation of a basic human need and that prison officials were deliberately indifferent to the need. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

To the extent that Plaintiff contends that his conditions of confinement violated the Eighth Amendment, he must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or

4

emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Plaintiff's list of uncomfortable conditions suffered while in segregation do not rise to a level of cruel and unusual punishment. Plaintiff fails to show how any of the conditions, alone or in combination, amount to a serious deprivation of a basic human need. *See Lamp*, 2005 WL 5303512, at *6. Furthermore, Plaintiff does not indicate that the strip searches were unreasonable.[4] *See Johnson v. White*, No. 3:03cv919, 2004 WL 3222733, at *2 (E.D. Va. Aug. 19, 2004) (explaining that a "discrete and expeditious" strip search does not violate the Eighth Amendment) (*citing Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004)); *Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009) (requiring a plaintiff "to show that the searches were conducted in a harassing manner intended to humiliate and cause psychological pain").

Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, and has not alleged treatment amounting to cruel and unusual punishment, it is RECOMMENDED that the action be DISMISSED.

(April 27, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed objections to the Report and Recommendation.[5]

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains

---

[4] Because Plaintiff fails to invoke the Fourth Amendment, the Court declines to analyze whether the complaint states a claim for an unreasonable search. *See Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998) (concluding that prisoner strip-search claims are better addressed under the Eighth Amendment than the Fourth Amendment).

[5] Plaintiff filed a motion for an extension of time to file his objections. (Dk. No. 22.) The Court will grant Plaintiff's motion. Plaintiff's objections will be deemed timely.

with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S OBJECTIONS

The document Plaintiff entitled "OBJECTIONS" also includes the assertion of new claims. For that reason, the Court will also construe the submission as an Amended Complaint. Plaintiff's submission raises six grounds for relief.

> Claim One    The institution denied Plaintiff due process before placing him in administrative segregation.
>
> Claim Two    The institution subjected Plaintiff to cruel and unusual punishment and harsh prison conditions.
>
> Claim Three    The institution violated Plaintiff's equal protection[6] rights.
>
> Claim Four    The institution denied Plaintiff access to religious materials.

---

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1.

Claim Five   The institution denied Plaintiff access to legal materials.

Claim Six    The conditions of Plaintiff's administrative segregation violated his rights.

### A.   Claim One: Due Process

An informant advised officials at Virginia Beach Correction Center ("VBCC") that Plaintiff and two other inmates planned to escape from the facility. (Objections 2.) Accordingly, VBCC staff placed Plaintiff in administrative segregation. Before doing so, VBCC did not charge Plaintiff with a disciplinary infraction, did not investigate, and did not hold a disciplinary hearing. Plaintiff contends that this violated his due process rights.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases).

When determining whether inmates maintain a liberty interest in avoiding placement in administrative segregation, the Court "must compare the conditions to which they were exposed in administrative segregation with those they could expect to experience as an ordinary incident of prison life." *Id.* at 503 (citing *Sandin v. Conner*, 515 U.S. 472, 485–86 (1995)). For the reasons explained by the Magistrate Judge, and for the reasons discussed below, Plaintiff fails to present any allegations that plausibly suggest that his placement in administrative segregation posed an "atypical and

significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Accordingly, Plaintiff's due process claim will be dismissed.

### B. Claim Two: Eighth Amendment

Plaintiff argues that VBCC staff subjected him to cruel and unusual punishment while he was confined in administrative segregation. Specifically, Plaintiff complains that while in administrative segregation, VBCC staff denied Plaintiff blankets, sheets, medication, personal hygiene products, toilet paper, and recreation time. Due to cold air conditioning, the lack of blankets and sheets "aggravated [Plaintiff's] pre-existing condition of both knees" called "Degenerative Joint Disease." (Objections 5 (emphasis omitted).)[7] This caused both of his knees to ache severely.

In order to state an Eighth Amendment claim, Plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for

---

[7] Plaintiff mentions that he is a diabetic and that nurses were unable to locate Plaintiff as he was moved around the facility. According to Plaintiff, this "cause him also to his medication 'insulin shots' for his uncontrollable diabetes." (Objections 5 (all errors in original).) To the extent Plaintiff alleges he was denied access to medication, Plaintiff fails to allege that he suffered any harm.

8

their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The only objective harm that Plaintiff alleges he suffered was the aggravation of his pre-existing degenerative joint disease in his knees. Assuming *arguendo* that this amounts to an objectively serious harm, Plaintiff has not alleged facts which plausibly suggest that any Defendant was subjectively and deliberately indifferent to his medical needs. Plaintiff merely alleges that he told deputies about his condition. (Objections 6.) Plaintiff offers no facts demonstrating that Defendants were aware that the cold was causing his condition to worsen, that blankets could cure Plaintiff's aching knees, or that he requested medical assistance which the deputies denied him. Because Plaintiff offers no facts showing that Defendants disregarded a known risk to Plaintiff's health, he has not stated a claim upon which relief can be granted. Accordingly, Claim Two will be dismissed.

### C. Claim Three: Equal Protection

In Claim Three, Plaintiff alleges that Defendants violated his rights to Equal Protection under the laws. Specifically, Plaintiff alleges that his rights were violated when he was "treated differently than other inmates in general population while he was confined in Administrative Segregation." (Objections 7.)

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state a claim under the Equal Protection Clause, Plaintiff's allegations must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated" and (2) that the differential treatment was the result of intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "As a segregation inmate, whether he is segregated for administrative reasons or because of a disciplinary action, he is not similarly situated to inmates in the general population." *Bentley v. Johnson*, No. 7:09cv00253, 2009 WL 2370618, at *3 (W.D. Va. July 31, 2009). Plaintiff does not offer any facts demonstrating that Defendants intentionally discriminated against him. *Mahoney v. Bostel*, 366 F. App'x 368, 372 (3d Cir. 2010) (rejecting prisoner's equal protection claim in absence of allegation of discrimination). Accordingly, Claim Three will be dismissed.

10

### D. Claim Four: Free Exercise of Religion Claim

In Claim Four, Plaintiff contends that he "was denied the opportunity to receive religious materials from the chaplain's cart or office" while he was in administrative segregation. (Objections 8.) Plaintiff contends this violates the Free Exercise Clause of the First Amendment.[8] Plaintiff fails to elaborate on this claim. He does not identify which materials VBCC officials denied him.

Additionally, Plaintiff must allege facts that suggest Defendants imposed a substantial burden on the practice of his religion. *See Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006). Plaintiff could do so if he alleged facts which plausibly suggested that the VBCC put "substantial pressure on [him] to modify his behavior and to violate his beliefs," or that the VBCC forced him "to choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion . . . on the other hand.'" *Id.* (third alteration in original) (citations omitted) (internal quotation marks omitted). Plaintiff fails to do so. Accordingly, Plaintiff fails to state a claim upon which relief can be granted. Claim Four will be dismissed.

### E. Claim Five: Access to Legal Materials

In Claim Five, Plaintiff complains "that he was denied access to copies and legal materials to assist him in preparing his claim." (Objections 10.) Plaintiff offers no

---

[8] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

additional facts in support of this claim. In order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating as a result of the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351–53 & n.3 (1996). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416. Because Plaintiff failed to do so, he has not stated a claim upon which relief can be granted. Accordingly, Claim Five will be dismissed.

### F.     Claim Six: Conditions of Confinement

In Claim Six, Plaintiff complains about various conditions of his confinement. Specifically, Plaintiff contends that he was on lockdown twenty-three hours and thirty-five minutes each day, with access to the shower for only twenty-five minutes each day. Plaintiff also alleges that he was denied access to recreation, the law library, reading materials, a television, telephone privileges, and religious materials. Plaintiff complains that VBCC staff (1) served him cold food, (2) combined his food together, (3) served soggy bread, (4) provided wet sugar packets, and (5) served Plaintiff oatmeal despite his allergy to oatmeal. Finally, Plaintiff alleges that his administrative segregation cell block had fruit flies and ants.

Plaintiff fails to present any allegations that plausibly suggest that this treatment posed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff fails to show how any of the conditions, alone or in combination, amount to a serious deprivation of a basic human need. *See Lamp v. Wallace*, No. 3:04CV317, 2005 WL 5303512, at *6 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006). In *Beverati v. Smith*, a group of inmates alleged that they were placed in administrative segregation for six months and that their cells were "infested with vermin ... (and) were smeared with human feces and urine." *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997). The Fourth Circuit held that these conditions, arguably more severe than those alleged in the present case, "were not so atypical" as to rise to the level of an atypical hardship necessary to "implicate a liberty interest." *Id.* At 503-04. Additionally, prisoners enjoy no constitutional right to hot meals, *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992), and absent an allegation of harm, infestations of insects like ants do not state a constitutional claim, *Stevens v. City of N.Y.*, No. 10 Civ. 5455(PGG), 2011 WL 3251501, at *5 n.4 (S.D.N.Y. July 22, 2011). Plaintiff's allegations do not state a claim upon which relief can be granted. Accordingly, Claim Six will be dismissed.

## IV. CONCLUSION

Plaintiff's motion for an extension of time will be granted. The Magistrate Judge's Report and Recommendation will be accepted and adopted. Plaintiff's claims and the action will be dismissed without prejudice.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 12, 2011
Richmond, Virginia